IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SIMMONS, | : | No.  4:CV-04-2787 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| JAMES T. WYNDER, ET AL., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**November 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Richard Simmons ("Plaintiff" or "Simmons"), an inmate incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), proceeding *pro se,* initiated this civil rights actions pursuant to 42 U.S.C. § 1983 ("§ 1983") by filing a complaint in the United States District Court for the Middle District of Pennsylvania on December 23, 2004.[1]  (See Rec. Doc. 1). Plaintiff filed a Motion for Injunction and for a Temporary Restraining Order ("TRO") on August 22, 2005, which has been fully briefed, and is therefore ripe

---

[1] As the Magistrate Judge notes, the Court has dismissed the claims against Defendants Wynder, Kneiss, Demning, and Burnett.  (Rec. Doc. 9).  This case is proceeding as against the two remaining named Defendants, C.O. Flick and Deputy Superintendent McGrady, both of which are prison staff members at SCI-Dallas.  (Rep. & Rec. at 1 n.1).

for disposition.

This case was referred to Magistrate Judge Blewitt for preliminary review. On September 28, 2005, Magistrate Judge Blewitt issued a report and recommendation within which he concluded that Plaintiff's Motion for TRO and Preliminary Injunction should be denied and that the case be remanded for further proceedings. (See Rep. & Rec. at 16).

Objections to the Magistrate Judge's Report were due by October 16, 2005 and to date none have been filed. This matter is now ripe for disposition.

## STANDARD OF REVIEW

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason

to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

We initially note that as the Magistrate Judge explained in detail, the applicable TRO standard is the same as that for a preliminary injunction, which requires that a plaintiff demonstrate the following: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting injunctive relief will be in the public interest.  Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D. Pa. 1994); Rep. & Rec. at 6.  Additionally, with regard to injunctive relief, the Supreme Court has instructed that injunctions may issue in only exceptional and extraordinary circumstances.  Parenti v. Whinston, 347 F.Supp. 471, 472 (E.D. Pa. 1972) (citing Miller v. Standard Nut Margarin Co., 284 U.S. 498 (1932)).

The Magistrate Judge accurately submits that Plaintiff has not made any retaliation claims against the named Defendants, he has failed to allege an actual injury with respect to his claim that he is being denied access to the court, and he has not substantiated any of his claims regarding his belief that his life is in danger. (Rep. & Rec. at 8).  An injunction is not warranted as Plaintiff has not demonstrated the likelihood of success on the merits of his instant claims, or that

he will suffer irreparable harm.[2]

Our review of this case confirms Magistrate Judge Blewitt's determinations and we have not been presented with any reason to revisit them. Because we find no error in Magistrate Judge Blewitt's report and recommendation and because no objections have been filed, we will adopt it as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 74) is adopted in its entirety.

2. Plaintiff's Motion for TRO and Preliminary Injunction (doc. 48) is DENIED.

3. The case is remanded to Magistrate Judge Blewitt for further proceedings, including the disposition of any pending motions.

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[2] Additionally, as the Magistrate Judge states, Plaintiff's own exhibits demonstrate that he has not fully exhausted his claim concerning his placement in the restrictive housing unit ("RHU"). (Rep. & Rec. at 10).