IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD SIMMONS, | : | No.  4:CV-04-2787 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES T. WYNDER, <u>ET AL.</u>, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**March 3, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Richard Simmons ("Plaintiff" or "Simmons"), an inmate incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), proceeding *pro se,* initiated this civil rights actions pursuant to 42 U.S.C. § 1983 ("§ 1983") by filing a complaint in the United States District Court for the Middle District of Pennsylvania on December 23, 2004.  (<u>See</u> Rec. Doc. 1).

This case was referred to Magistrate Judge Blewitt for preliminary review. On February 14, 2005, we adopted the Magistrate Judge's report and recommendation.  (Rec. Docs. 7, 9).  Accordingly, the case is only proceeding with respect to Plaintiff's First Amendment retaliation claim against Defendant Flick and his due process claim against Defendant McGrady.

1

On July 20, 2005, Plaintiff filed a Motion for Partial Summary Judgment and on July 25, 2005, both remaining Defendants filed a Cross-motion for Summary Judgment. Although Plaintiff did not file a brief in opposition to Defendants' Summary Judgment Motion, the Magistrate Judge deemed Plaintiff as opposing it, and considered the parties' Summary Judgment Motions on the merits in his February 10, 2006 report. (Rep. & Rec. at 3). In his February 10, 2006 report, the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted as to both remaining claims, Plaintiff's First Amendment retaliation claim against Defendant Flick and Plaintiff's due process claim against Defendant McGrady. In addition, the Magistrate Judge recommended that Plaintiff's Motion for Partial Summary Judgment be denied and that judgment be entered in favor of Defendants in this case. (Rep. & Rec. at 24).

Objections to the Magistrate Judge's Report were due by March 2, 2006 and to date none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW**

We initially note that summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment

bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them.  Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  Id. at 325.

Rule 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986).

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a

genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit,

however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Blewitt's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, as the Magistrate Judge noted, in an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must prove two essential elements in order to state a claim: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law of the Constitution of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Second, with regard to Plaintiff's due process claim against Defendant McGrady, we are in agreement with the Magistrate Judge that Plaintiff has failed to establish a due process violation by Defendant McGrady and that he has failed to exhaust his administrative remedies regarding Defendant McGrady as required by

the Pennsylvania Department of Corrections ("DOC") grievance process and the Prison Litigation Reform Act ("PLRA"). Plaintiff's due process rights were not violated by Defendant McGrady regarding the contraband incident in question as he was not personally involved in the decision to confine Plaintiff in the restrictive housing unit ("RHU") pending an investigation of the June 4, 2004 contraband incident and to assign Plaintiff as a result of the investigation. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997); Francis v. Dodrill, 2005 WL 2216582 (M.D. Pa. 2005). Plaintiff failed to identify Defendant McGrady in his grievances, as demonstrated by Plaintiff's own exhibits to his complaint and he therefore failed to exhaust his administrative remedies with respect to Defendant McGrady as required by the Pennsylvania DOC grievances process and the PLRA. (Rep. & Rec. at 16-17).

Finally, regarding Plaintiff's retaliation claim against Defendant Flick, we agree with the Magistrate Judge that Plaintiff failed to satisfy the causal connection nexus element between his constitutionally protected conduct and Defendant's adverse action. (Rep. & Rec. at 18-23). Plaintiff has not met his burden of showing that his grievances against the Superintendent were the substantial or motivating factor in Defendant Flick's issuance of the September 9, 2004 misconduct against him. See Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996);

see also Mount Healthy Sch. Dist. v. Doyle, 429 U.S. 274, 287 (1977).  Plaintiff's conclusory averments fail to show a causal connection with respect to Defendant Flick's alleged retaliatory conduct.

Our review of this case confirms Magistrate Judge Blewitt's determinations and we have not been presented with any reason to revisit them.  Because we find no error in Magistrate Judge Blewitt's report and recommendation and because no objections have been filed, we will adopt it  as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendation (doc. 96) is adopted in its entirety.

2. Defendants' Motion for Summary Judgment (doc. 39) is granted as to both remaining claims, Plaintiff's First Amendment retaliation claim against Defendant Flick and his due process claim against Defendant McGrady.

3. Plaintiff's Motion for Partial Summary Judgment (doc. 36) is denied.

4. Judgment is hereby entered in favor of Defendants McGrady and Flick and against Plaintiff.

5.	The Clerk shall close the file on this case.

								s/ John E. Jones III
								John E. Jones III
								United States District Judge